# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO.: 5:08CR12-4

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JAVONDA SHACURA BOSTON, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's uncontested Appeal From Order of Magistrate Judge Revoking Bond, filed September 4, 2008. (Document #78). This matter is now ripe for disposition.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant Boston was indicted on February 27, 2008 and charged with conspiracy to possess with intent to distribute cocaine. After her initial appearance on March 20, 2008, Boston was allowed to remain out of custody on pretrial release. According to Boston's pretrial release officer, Boston has complied with all of her pretrial release conditions.

A plea agreement was filed on June, 5, 2008. (Document #62). On September 2, 2008, Boston pled guilty to the conspiracy charge in a plea hearing before U.S. Magistrate Judge Carl Horn. The terms of the plea agreement stipulated that "the amount of cocaine known to or reasonably foreseeable by the defendant was at least 300 grams but less than 400 grams." (Plea Agreement, ¶6a.) Pursuant to current Government practice in this district for guilty pleas to offenses that qualify under 18 U.S.C. § 3143(a)(2), the Government moved for revocation of bond, and Magistrate Judge Horn ordered Boston detained. However, Magistrate Judge Horn granted Boston's oral motion, made through defense counsel at the plea hearing, to stay the revocation of bond pending review of

the magistrate judge's order by the district court.

On September 4, 2008, Boston filed this appeal. (Document #78). The appeal requests that the District Court consider whether "exceptional reasons" exist such that Boston should be allowed to remain on bond pending sentencing. In her appeal, Boston states that she is employed full-time at Wal-Mart as a customer service manager and as a consequence is receiving healthcare and other benefits for her two children, ages six and eight. Boston is a single parent and the sole custodian of her children. At present, Boston is living with her mother, who cares for the children while Boston is at work. (Def. Mot. ¶5.)

Boston also points to her cooperation with the government, acceptance of responsibility, minor criminal history, and the relatively short sentence she is facing as further support for her contention that "exceptional reasons" exist for overturning the magistrate judge's order revoking bond. (Def. Mot. ¶6.) Because the Government believes that Boston played a lesser role in the conspiracy and is in compliance with her pretrial release conditions, the Government does not oppose Defendant's request for this Court to strike the magistrate judge's order pursuant to 18 U.S.C. § 3145(c).

## II. ANALYSIS

This court has the authority to review a post-plea detention order of a magistrate judge under 18 U.S.C. § 3145(c).[1] Under 18 U.S.C. § 3145(c),

> [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

---

[1] A full explication of the undersigned's reasoning for adopting this view is contained in this court's Order granting Defendant's Appeal From Magistrate's Order Revoking Bond (Document #293) in the case of *United States v. Price* (Case No.: 5:06cr41), 2008 WL 215811.

In the present case, Boston is subject to detention pursuant to 18 U.S.C. § 3143(a)(2).[2] Boston also meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1).[3] Boston is not a flight risk because she is employed, has sole custody of her two children, and lives with her mother.[4] Thus, this Court must decide whether exceptional reasons exist in this case such that detention would not be appropriate.

In similar cases from other districts, courts have disagreed as to whether personal circumstances, such as family disruptions, are sufficiently exceptional reasons to release defendants pursuant to § 3145(c). *See U.S. v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (citing cases on both sides of the issue and then denying relief under § 3145(c)). On the other hand, many courts have recognized that "in combination with other factors, family circumstances may warrant release pending sentencing pursuant to § 3145(c)." *Id.* (citing multiple cases). Regarded singly, Boston's family circumstances, her employment, her cooperation with the government, and her minor criminal history might not be enough to qualify for release under § 3145(c). However, in conjunction with the Government's decision not to oppose Boston's request, and when considered as a whole, these factors do constitute exceptional reasons justifying Boston's continued release on bond pending sentencing.

---

[2] 18 U.S.C. § 3143(a)(2) provides for the detention pending sentencing of "a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." Boston falls within the parameters of 18 U.S.C. § 3142(f)(1)(C) because she committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

[3] Under this section, a person awaiting imposition of a sentence will be released if the "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1).

[4] The Government appears to agree. The Defendant was granted pretrial release, and the Government does not now oppose Defendant's release pursuant to 18 U.S.C. § 3145(c).

### III. CONCLUSION

The Court finds that exceptional reasons exist in this case which allow for the continued release on bond of Defendant Boston. Therefore, it is hereby **ORDERED** that the stay of the magistrate judge's order revoking bond is lifted, that the magistrate judge's order revoking bond is struck, and that Defendant's bond is reinstated with all the conditions and terms thereof intact.

Signed: October 20, 2008

Richard L. Voorhees
United States District Judge